1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9         NORTHERN DISTRICT OF CALIFORNIA
10

| In re NASSDA CORPORATION SECURITIES LITIGATION | ) ) ) | Master File No. C-04-2942-SI |
|---|---|---|
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | ) ) | DATE: June 22, 2005<br>TIME: 4:00 p.m.<br>COURTROOM: The Honorable Susan Illston |

This matter came before the Court for hearing pursuant to the Order of this Court, dated April 13, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 20, 2005 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

4. Except as to any individual claim of those Persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants.

5. The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date hereof, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executed and delivered a Proof of Claim and Release.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished

and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased Nassda common stock any time during the period commencing on December 13, 2001 through and including June 11, 2004. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Nassda, and the legal representatives, heirs, successors, or assigns of any such excluded Person.

9. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

10. The Notice of Pendency and Settlement of Class Action ("Notice") provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-04-2942-SI - 2 -

Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

11. Any court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and

1  releases delivered in connection herewith shall be null and void to the extent provided by and in
2  accordance with the Stipulation.
3       IT IS SO ORDERED.
4
5  DATED: _____    _____
6                                    THE HON.
                                     UNITED ST
7

*GRANTED — Judge Susan Illston*
*United States District Court, Northern District of California*

Submitted by:

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
LESLEY E. WEAVER
ELIZABETH A. ACEVEDO
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
TOR GRONBORG
JEFFREY D. LIGHT

_____
JEFFREY D. LIGHT

401 B Street, Suite 1600
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

S:\Settlement\Nassda.Set\JGT00021770.doc

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE - C-04-2942-SI                                                       - 4 -

# EXHIBIT 1

AS OF JUNE 8, 2005

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED

**Exhibit 1**

DECLARATION OF SERVICE BY MAIL
PURSUANT TO NORTHERN DISTRICT LOCAL RULE 23-2(c)(2)

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on June 13, 2005, declarant served by UPS, next day delivery, the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** to the parties listed on the attached Service List and that this document was forwarded to the following designated Internet site at:

http://securities.lerachlaw.com/

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of June, 2005, at San Diego, California.

ADRIANA DEL CARMEN

# NASSDA (LEAD)
Service List - 6/9/2005    (04-0235)
Page 1 of 1

## Counsel For Defendant(s)

Douglas J. Clark
Peri B. Nielsen
Kelley E. Moohr
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
   650/493-9300
   650/493-6811(Fax)

## Counsel For Plaintiff(s)

William S. Lerach
Tor Gronborg
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423(Fax)

Lesley E. Weaver
Elizabeth A. Acevedo
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
   415/288-4545
   415/288-4534(Fax)